UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ZULF JAVAID ET AL.**                                                      **CIVIL ACTION**

**VERSUS**                                                                          **No. 12-2481**

**THE PANTRY, INC.**                                                       **SECTION I**

## ORDER

Before the Court is a motion[1] in limine filed plaintiffs, Zulf Javaid et al., to exclude the report and testimony of defendant's expert witness, Charles E. Prewitt. Also before the Court is a motion[2] in limine filed by defendant, The Pantry, Inc., to exclude the report and testimony of plaintiffs' expert, Don King.

This Court has carefully reviewed the memoranda, expert reports, deposition testimony, and other exhibits submitted by the parties. It is readily apparent that both witnesses should be permitted to testify with respect to whether the doors were performing and had been performing properly in accordance with industry safety standards. This information is relevant to whether defendant knew or should have known of an unreasonable risk of harm posed by the doors. Expert testimony would assist the trier of fact in making that determination. Both witnesses appear to be qualified to render an expert opinion on this topic based on their knowledge, skill, experience, training, and/or education. The objections to their testimony on this topic relate to the bases, sources, and the weight to be assigned to their anticipated testimony, which are matters that "should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.

---

[1] R. Doc. No. 51.

[2] R. Doc. No. 54

1

579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

However, a jury is capable of resolving the issue of causation based on common sense and ordinary experience. This Court has routinely restricted the use of expert testimony in cases such as this where expert testimony would not assist the trier of fact. *See e.g.*, *Thomas v. Global Explorer, LLC,* No. 02-1060, 2003 WL 943645 (E.D. La. Mar. 3, 2003) (Vance, J.) (plaintiff injured after falling from ladder); *Roy v. Fla. Marine Transporters, Inc.,* No. 03–1195, 2004 WL 551208 (E.D. La. Mar. 18, 2004) (Vance, J.) (plaintiff injured after falling off milk crate); *Marshall v. Supreme Offshore Servs., Inc.*, No. 10-3198, 2011 WL 6258487 (E.D. La. Dec. 15, 2011) (Vance, J.) (plaintiff injured after slipping on welding rod left in hallway); *Mang v. Parker Drilling Offshore, L.L.C.*, No. 99-3361, 2001 WL 179920 (E.D. La. Feb. 22, 2001) (Clement, J.) (plaintiff injured after "rolling out of bed"); *Akins v. Chet Morrison Offshore, L.L.C.,* No. 05-6608, 2007 WL 5011916, at *1 (E.D. La. Dec. 28, 2007) (Engelhardt, J.). As this Court noted in *Mang* with respect to "rolling out of bed," walking into a door "is a common enough phenomenon that expert testimony will not be of particular assistance" to the issue of causation. Accordingly, the Court will limit expert testimony in this case to the functionality of the door.

Considering the foregoing,

**IT IS ORDERED** that the motions are **DENIED** to the extent that the witnesses will testify with respect to whether the doors were performing properly and in accordance with industry safety standards.

**IT IS FURTHER ORDERED** that the motions are **GRANTED** to the extent that the witnesses intend to testify with respect to causation. Conclusions 3[3] and 4[4] of Prewitt's report and the fifth paragraph[5] of King's report are **STRICKEN**.

**IT IS FURTHER ORDERED** that the Court will reserve making a final ruling on the witnesses' qualifications until trial. At trial, the parties will have a better opportunity to clarify the qualifications of these witnesses to testify as experts in this particular case.

New Orleans, Louisiana, July 5, 2013.

                                        **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**

---

[3] Paragraph 3 states: "The absence of safety stickers is irrelevant and were not a factor in this incident." R. Doc. No. 51-3, at p. 4.

[4] Paragraph 4 states: "***The cause of this incident*** is simply that Mr. Javaid, without looking, walked into the right panel of the door while the door was opening. He contacted the edge of the door with his right arm in the area of the elbow. He did not strike the door with his shoulder, neck, legs, or with the left side of his body." R. Doc. No. 51-3, at p. 4 (emphasis added).

[5] The fifth paragraph states: "The absence of a presence detection system, additional set of holding beams, properly functioning motion detectors, door safety signage, combined with excessively heavyweight glass panels of the door all contributed to the failure of the proper door operation and ***caused Mr. Javaid to break his stride while attempting to leave and impacting the door with great force which lead to his injury.***" R. Doc. No. 54-4, at p. 3 (emphasis added).